MICHAEL J. GREEN          4451
Davies Pacific Ctr.
841 Bishop St., Ste. 2201
Honolulu, Hawaii 96813
Telephone No.: (808) 521-3336
Facsimile No.:    (808) 566-0347

REVERE & ASSOCIATES
TERRANCE M. REVERE        5857
PAUL V.K. SMITH           5891
Pali Palms Plaza
970 North Kalaheo Ave., Suite A301
Kailua, Hawaii 96734
Telephone No.:   (808) 791-9550
Facsimile No.:   (808) 791-9551
Attorneys for Plaintiffs
RONDA SMYTHE and LIANA P. KANNO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONDA SMYTHE; LIANA P. KANNO,<br><br>          Plaintiffs,<br>   vs.<br><br>BRANDON SAFFEELS; COUNTY OF MAUI; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE COPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>          Defendants. | CASE NO. 1:21-cv-00056-LEK-RT<br>(Other Non-Vehicle Tort)<br><br>PLAINTIFFS' SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; CERTIFICATE OF SERVICE |

# PLAINTIFFS' SECOND AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiffs, RONDA SMYTHE and LIANA P. KANNO, for causes of action against the above-named defendants, allege and aver as follows:

1. Defendant COUNTY OF MAUI ("County" or "Defendant County") is and was municipally organized and existing under the laws of the State of Hawaii and the United State of America, and operated MAUI COUNTY POLICE DEPARTMENT (hereinafter referred to as "MPD"), and is and was at all times relevant herein, the principal law enforcement agency of the County of Maui, Hawaii, headquartered in Wailuku, Hawaii.

2. Defendant BRANDON SAFFEELS, (hereinafter referred to as "Defendant Saffeels" or "Officer Saffeels"), was, at all times relevant to this Complaint, an officer with the MPD, and an agent, servant, and employee of the County, acting under the color of state law with the permission and consent and within the course and scope of said agency and employment. He is being sued in his individual and official capacity.

3. Plaintiff RONDA SMYTHE (Sometimes referred to as "Ms. Smythe" or "Plaintiff Smythe"), at all relevant times herein, was and is a resident of Maui County, State of Hawaii.

4. Plaintiff LIANA P. KANNO (Sometimes referred to as "Ms. Kanno"), at all relevant times herein, was and is a resident of Maui County, State of Hawaii.

5. Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10 and Doe Entities 1-10, are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiffs, except that they are connected in some manner with the named defendants and are agents, servants, employees, employers, representatives, co-venturers, associates, vendors, suppliers, manufacturers, subcontractors or contractors of the named defendants, and/or are in some manner responsible for the injuries and damages to Plaintiffs and/or manufactured, and/or designed and/or placed on the market a defective product which was the proximate cause of the injuries and damages to Plaintiffs, and/or in some other manner related to the named Defendants and that their true names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiffs.  Plaintiffs have made a good faith investigation into the matter to identify other responsible parties, including but not limited to search of "records, internet research, review of court reports and witness interviews." Plaintiffs herein pray leave to amend their Complaint to allege the true names, identities, capacities, activities and/or responsibilities of the defendants set forth in this paragraph when the same are ascertained and have conducted extensive research in a diligent and good faith effort to ascertain the identity of the unknown Doe Defendants.

6. This United States District Court has jurisdiction over the subject

matter and the parties pursuant 28 U.S.C. §§1331 and 1343(a)(3) and (a)(4) and 42 U.S.C. §§1983, 1985 and 1988.

7. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367 with remedy pursuant to, *inter alia*, 28 U.S.C. §§2201 and 2202.

8. Venue in this District Court is proper pursuant to 28 U.S.C. §1391(b) and all parties reside in and all claims arose within Hawaii.

### I. **ALLEGATIONS PERTAINING TO LIANA P. KANNO**

9. On or about February 17, 2018, Plaintiff LIANA P. KANNO ("Ms. Kanno") was assaulted at her residence by a neighbor Hiilani McKee.

10. As a result of the assault, Ms. Kanno contacted MPD, which sent Officer Saffeels to Ms. Kanno's residence.

11. Rather than identify Ms. Kanno as the victim, Officer Saffeels prepared and filed a false police report, Case Number 18-007244, identifying Ms. Kanno as the "offender" and Ms. McKee as the victim.

12. On or about July 24, 2018, Ms. Kanno was threatened and/or harassed by one or more members of the McKee family, who are Ms. Kanno's neighbors. Once again, given the harm to her and threat to her safety, Ms. Kanno contacted the MPD, who once again sent Officer Staffeels to respond to the incident.

13. Thereafter, Officer Saffeels submitted another false police report, Case Number 18-030933, identifying Ms. Kanno as the offender, and the father of

her child, Shane E.H. Haas, as the victim, once again omitting any reference to the McKees and wrongfully identifying Ms. Kanno as the "offender" as opposed to the "victim".

14. During this same time period, Officer Saffeels was sending text messages to Ms. Kanno requesting to have a physical or sexual relationship with Ms. Kanno. Officer Saffeels told Ms. Kanno in words or substance that if she wanted help with the police report involving her neighbors the McKees what was Ms. Kanno willing to do for Officer Saffeels in exchange, which was made clear to Ms. Kanno by Officer Saffeels and the context of the communication that the request was of a sexual nature.

15. Thereafter, Ms. Kanno refused the advances of Officer Saffeels and made a sexual harassment complaint against Officer Saffeels.

16. On August 6, 2018, Ms. Kanno obtained copies of the two police reports, Case Numbers 18-007244 and 18-007244, and learned that she had been falsely identified by Officer Saffeels as the "Offender" in both reports regarding the incidents involving her neighbors, which was, as to one or more of the reports, on information and belief, a direct and proximate result of Ms. Kanno refusing the sexual advances of Officer Saffeels.

17. In the weeks and months following, Ms. Kanno's rebuffing the advances of Officer Saffeels, members of MPD have pressured and attempted to

coerce Ms. Kanno to withdraw her sexual harassment complaint against Officer Saffeels, and otherwise change her story.

## II. ALLEGATIONS PERTAINING TO RONDA SMYTHE

18. In January, 2018, Officer Saffeels approached Plaintiff Smythe, who was repairing an automobile, inquiring if she had heard any "gunshots" in the vicinity; based on this pretext, Officer Saffeels then requested and obtained the confidential information of Ms. Smythe, including her private phone number.

19. Thereafter, on multiple occasions in 2018, Officer Saffeels made multiple texts and verbal communications to Ms. Smythe attempting to establish a physical and/or romantic relationship with Ms. Smythe.

20. Officer Saffeels would randomly call or text Ms. Smythe at different times and dates, asking if she needed anything or if she wanted to go over to his house to take a shower or if she wanted him to buy her cigarettes.

21. Officer Saffeels also sent various suggestive texts/photographs of Officer Saffeels to Ms. Smythe, including of Officer Saffeels with his shirt off.

22. Thereafter, when Ms. Smythe did not respond to the advances of Officer Saffeels, Officer Saffeels threatened he would appear at her employment with his police car, and embarrass her in front of workers or whoever she was with.

23. As a result of Ms. Smythe rebuffing Officer Saffeels' advances, Ms. Smythe was also illegally detained, and in a 30 day period was issued more than 12

traffic citations; since February, 2018, Ms. Smythe had over 30 court hearings, and was repeatedly humiliated by the police who also called in the "K9" unit on Ms. Smythe and subjected her to multiple unjustified searches and unlawful arrests in violation of the state and federal constitutions prohibition against unlawful searches and seizures.

24.   In 2019, following her 9th court hearing, Ms. Smythe was forced to resign from her new job/position due to continuous police harassment following Ms. Smythe's refusal of the advances of Officer Saffeels.

## COUNT I HARASSMENT

### (As to All Defendants)

25.   Plaintiffs repeat and reallege paragraphs 1-24.

26.   At all times and places above-mentioned, Officer Saffeels was on official business and used his position as a police officer to facilitate his sexual harassment of the Plaintiffs.

27.   Officer Saffeels was acting under color of state law and deprived the Plaintiffs of their constitutional rights to equal protection and due process under the Fifth and Fourteenth Amendments to the United States Constitution by sexually harassing and intimidating the Plaintiffs in violation of Section 1983 of Title 42 of the United States Code Annotated (42 U.S.C.A. § 1983); Officer Saffeels' actions

were not motivated by legitimate law enforcement objectives, but were deliberate and malicious, and shocking the conscience.

28. Defendant County had an unwritten municipal policy or custom condoning harassment, including a policy or custom of inadequate training and supervision of municipal officers constituting deliberate indifference to the rights of citizens, including the Plaintiffs, causing the harm alleged herein; the factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

29. Defendant County also had a custom of tolerance or acquiescence of federal rights violations rising to the level of deliberate indifference to the rights of the Plaintiffs and causing the harm alleged herein; the factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

30. The repeated actions of harassment, intimidation, and retaliation alleged herein constituted a pattern indicating a persistent and widespread practice of MPD/County Officials were common and well settled as to constitute a custom that fairly represents municipal policy.

**COUNT II RETALIATION/FAILURE TO TRAIN AND SUPERVISE**

**(As to All Defendants)**

31. Plaintiffs repeat and reallege paragraphs 1-30.

32. Plaintiffs were discouraged from reporting the sexual harassment they had endured by Officer Saffeels and were subjected to adverse police action in a retaliatory, hostile manner when they reported and/or protested against the unlawful sexual harassment or advances by Officer Saffeels, which also demonstrated a pattern of harassment by Officer Saffeels and the MPD.

33. The retaliation against the Plaintiffs included threats to their personal safety to intimidate and coerce them into refraining from objecting and/or reporting incidents of sexual harassment by Officer Saffeels, which were shocking to the conscience and violated the Plaintiffs' due-process, equal protection and Fourth and Fourteenth Amendment rights to be free of arbitrary government action including vindictive retaliation.

34. The harassment that Plaintiff Smythe endured forced her to leave her employment in intellectual property, and in the case of Plaintiff Kanno resulted in false police reports being filed against her.

35. Defendant MPD had a duty to supervise and monitor the actions of Officer Saffeels.

36. Defendant MPD breached its duty to Plaintiffs by tolerating the intimidation and retaliation against the Plaintiffs for reporting of the sexual harassment by Officer Saffeels.

37. Defendant County had an unwritten municipal policy or custom

condoning harassment, including a policy or custom of inadequate training and supervision of municipal officers constituting deliberate indifference to the rights of citizens, including the Plaintiffs, causing the harm alleged herein; the factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

38. Defendant County also had a custom of tolerance or acquiescence of federal rights violations rising to the level of deliberate indifference to the rights of the Plaintiffs and causing the harm alleged herein; the factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

39. The repeated actions of harassment, intimidation, and retaliation alleged herein constituted a pattern indicating a persistent and widespread practice of MPD/County Officials were common and well settled as to constitute a custom that fairly represents municipal policy.

## COUNT III EXTORTION

### (As to All Defendants)

40. Plaintiffs repeat and reallege paragraphs 1-39.

41. Officer Saffeels, while acting under color of law, by threats, harassment, and oppressive conduct, extorted and/or attempted to extort Plaintiffs for the commission of sexual acts or favors in exchange for favorable police

treatment, said acts were shocking to the conscience and violated the Plaintiffs' due-process, equal protection and Fourth and Fourteenth Amendment rights to be free of arbitrary government action including vindictive retaliation.

42. In the case of Ms. Kanno, Officer Saffeels extorted and/or attempted to extort sexual favors from her in exchange for assistance regarding police reports which when Ms. Kanno did not comply, Officer Saffeels caused to be filed one or more false police reports regarding Ms. Kanno, deliberately identifying Ms. Kanno as the "offender" when Officer Staffeels knew she was the victim.

43. Likewise, in the case of Ms. Smythe when Ms. Smythe rebuffed and refused the sexual advances of Officer Saffeels, Ms. Smythe was subjected to adverse police action and oppression at the behest or on behalf of Officer Saffeels as alleged above.

44. Defendant County had an unwritten municipal policy or custom condoning extortion, including a policy or custom of inadequate training and supervision of municipal officers constituting deliberate indifference to the rights of citizens, including the Plaintiffs; the factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

45. Defendant County also had a custom of tolerance or acquiescence of federal rights violations rising to the level of deliberate indifference to the rights of the Plaintiffs and causing the harm alleged herein; the factual contentions will likely

11

have evidentiary support after a reasonable opportunity for further investigation or discovery.

46. The repeated actions of harassment, intimidation, and retaliation alleged herein constituted a pattern indicating a persistent and widespread practice of MPD/County Officials were common and well settled as to constitute a custom that fairly represents municipal policy.

## COUNT IV FAILURE TO ENFORCE LAWS, VIOLATION OF DUE-PROCESS

### (As to All Defendants)

47. Plaintiffs repeat and reallege paragraphs 1-46.

48. During the above-referenced time period, Officer Saffeels and MPD have been guilty of official misconduct, malfeasance, nonfeasance and neglect of duty in that Officer Saffeels and MPD have failed and refused to enforce the laws, arrest the persons committing offenses against Plaintiffs and preserve the peace as required by the laws of the State of Hawaii and the United States.

49. Examples of Officer Saffeels' misconduct include, *inter alia*, filing false police reports against Ms. Kanno when she refused to enter into a sexual relationship with him, harassing and surveilling Ms. Smythe and appearing at her workplace and causing her to be harassed and arrested for no justification when she rebuffed his sexual advances.

50.   Defendant MPD failed to supervise, monitor or otherwise control the actions of Defendant Saffeels and has otherwise engaged in actions such as turning a blind eye to Officer Saffeels' wrongful conduct and sexual harassment of citizens using the color of authority of his office as a means of coercion; the actions of Officer Saffeels were intentional and deliberate, not motivated by legitimate law enforcement objectives, shocking to the conscience, malicious and oppressive in violation of the 4th, 5th, and 14th Amendments to the U.S. Constitution.

51.   Defendant County had an unwritten municipal policy or custom condoning sexual harassment, including a policy or custom of inadequate training and supervision of municipal officers constituting deliberate indifference to the rights of citizens, including the Plaintiffs; the factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

52.   Defendant County also had a custom of tolerance or acquiescence of federal rights violations rising to the level of deliberate indifference to the rights of the Plaintiffs and causing the harm alleged herein; the factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

53.   The repeated actions of harassment, intimidation, and retaliation alleged herein constituted a pattern indicating a persistent and widespread practice

of MPD/County Officials were common and well settled as to constitute a custom that fairly represents municipal policy.

### COUNT V PROSPECTIVE INJUNCTIVE RELIEF

### (As to All Defendants)

54. Plaintiffs re-allege Paragraphs 1 through 53 as though fully set forth herein.

55. As alleged above, Defendant MPD failed to properly monitor, train and discipline its police force. A proximate cause of the actions and/or omissions of Defendant County is the violation of the constitutional rights of its citizens, including Plaintiffs.

56. Plaintiffs are in fear of great bodily harm, further sexual exploitation or harassment, further intrusions to their persons (in violation of the Fourth and Fourteenth Amendments to the United States Constitution) as a result of the custom and practice of Defendant County as alleged above.

57. Plaintiffs request injunctive relief against defendants to cease and desist from engaging in the improper discipline and training of its officers and failing to control and monitor its officers, including allowing them to commit acts of harassment and extortion upon Plaintiffs.

58. Plaintiffs will suffer irreparable injury if the conduct of Defendant County and Officer Saffeels continue, as alleged above, as there is an imminent

threat that Plaintiffs will be caused to suffer the same intrusions to their persons as they have already suffered if Defendant County continues to permit police officer misconduct as alleged above.

## COUNT VI- CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS- SUBMISSION OF FALSE POLICE REPORT IN VIOLATION OF 42 U.S.C. SEC. 1985
### (As to All Defendants)

59. Plaintiffs alleges and incorporates by reference paragraphs 1 - 58 above as though fully set forth and made a part hereof.

60. Officer Saffeels had a duty to submit a true, accurate and complete police report regarding his interactions with Plaintiffs. Officer Saffeels knew or should have known that the events in question regarding his overtures and sexual advances toward the Plaintiffs would likely result in a civil action or other proceeding and did alter or fabricate or deliberately omit important facts contained in his police reports in order to create the false impression that the Plaintiffs had committed criminal or improper acts in order to defeat or disrupt a potential lawsuit or other civil action or investigation.

61. On information and belief, Officer Saffeels discussed or conspired with one or more of Officer JOHN DOE-1 and/or Officer JOHN DOE-2 and other unknown JOHN DOES or JANE DOES to alter, change, or mislead in official reports and statements on facts and information about what happened regarding his

15

interactions with the Plaintiffs in order to create the false impression and fabrication that there was no improper pressure on his part to coerce the Plaintiffs into a romantic or sexual relationship in order to defeat or disrupt a potential lawsuit or other civil action or investigation which has been significantly impaired as a result of the inaccurate facts, omissions, and apparent coverup in violation of Plaintiffs' Fourteenth and Fifth Amendment right to property, due process and equal protection of the laws; the factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

62. On information and belief, Defendant County had an unwritten municipal policy or custom condoning the actions of Saffeels, including a policy or custom of inadequate training and supervision of municipal officers constituting deliberate indifference to the rights of citizens, including the Plaintiffs; the factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

63. Defendant County also had a custom of tolerance or acquiescence of federal rights violations rising to the level of deliberate indifference to the rights of the Plaintiffs and causing the harm alleged herein; the factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

# COUNT VII -42 U.S.C. SEC. 1983
# SUBMISSION OF FALSE POLICE REPORT IN VIOLATION OF THE PLAINTIFFS FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO PROPERTY AND DUE PROCESS.

### (As to all Defendants)

64. Plaintiff alleges and incorporates by reference paragraphs 1 - 63 above as though fully set forth and made a part hereof.

65. Officer Saffeels had a duty to submit a true, accurate and complete police report regarding his interactions with the Plaintiffs. Officer Saffeels knew that the events in question regarding his overtures and sexual advances toward the Plaintiffs would likely result in a civil action or other proceeding and did alter or fabricate or deliberately omit important facts contained in his police reports in order to create the false impression that the Plaintiffs had committed criminal or improper acts in order to defeat or disrupt a potential lawsuit or other civil action or investigation which has been significantly impaired as a result of the inaccurate facts, omissions, and coverup in violation of Plaintiffs Fifth and Fourteenth Amendment rights to property and due-process.

66. On information and belief, Defendant County had an unwritten municipal policy or custom condoning the actions of Saffeels, including a policy or custom of inadequate training and supervision of municipal officers constituting deliberate indifference to the rights of citizens, including the Plaintiffs; the factual

contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

    67.    Defendant County also had a custom of tolerance or acquiescence of federal rights violations rising to the level of deliberate indifference to the rights of the Plaintiffs and causing the harm alleged herein; the factual contentions will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

    WHEREFORE, Plaintiffs request the following relief:

    a.    For prospective injunctive relief enjoining the Defendants against engaging in the following harmful actions:

        1. Harassing Plaintiffs;

        2. Targeting Plaintiffs for further reprisals;

        3. Filing false police reports regarding Plaintiffs;

        4. Unlawfully seizing, detaining or arresting Plaintiffs;

        5. In such other relief as the Court deems just and proper under the circumstances;

    b. For damages against the Defendants in amounts to be determined at the time of trial, as a result of the Defendants' harmful actions; including general, special and punitive damages;

c. For an order requiring the defendants to pay the Plaintiffs' reasonable attorneys' fees and costs herein.

d. For such other and further relief as this court deems just and proper.

DATED: Honolulu, Hawaii, May 3, 2021.

/s/ Paul V.K. Smith
MICHAEL J. GREEN
TERRANCE M. REVERE
PAUL V.K. SMITH
Attorneys for Plaintiffs
RONDA SMYTHE and
LIANA P. KANNO